IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:08-CR-267-D (3) |
| | § | |
| MARK ANTHONY MCALEER, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Defendant Mark Anthony McAleer ("McAleer") moves under 18 U.S.C. § 3582(c)(2) for a reduction of his sentence based on Amendment 782 to the United States Sentencing Guidelines. For the reasons that follow, the court denies the motion.

When considering a § 3582(c)(2) motion, the court must first determine whether the defendant is eligible for a reduction under U.S.S.G. § 1B1.10. *Dillon v. United States*, 560 U.S. 817, 826 (2010). If he is eligible, the court must then "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion," any reduction is warranted under the particular facts of the case. *Id.* at 827. The court is under no obligation to reduce the defendant's sentence. *United States v. Evans*, 587 F.3d 667, 673 & 673 n.9 (5th Cir. 2009) (citing *United States v. Doublin*, 572 F.3d 235, 238 (5th Cir. 2009) (per curiam)). And because the court is not obligated to reduce the sentence at all, it does not have to reduce it further than it did within the recalculated guidelines range. *See id.* at 673.

It is undisputed that McAleer is eligible for a sentence reduction. He is serving a sentence that is based on a sentencing range that has been subsequently lowered by the United States Sentencing Commission through an amendment listed in U.S.S.G. § 1B1.10(d). The government

opposes any reduction, however, based on McAleer's criminal history, offense conduct or relevant conduct, and post-sentencing conduct. The government specifically maintains that McAleer has several serious reported infractions while serving his sentence, including one fighting charge and multiple sexual act charges. Based on those charges, his criminal history, and his relevant conduct in this case, the government opposes any sentence reduction. McAleer has not replied to the government's opposition response, which was filed March 16, 2016, even though the court extended his reply deadline to June 9, 2016.[*]

Having considered the applicable § 3553(a) factors and the government's contentions, the court concludes in its discretion that defendant's motion should be denied and that his sentence should not be reduced.

Accordingly, McAleer's June 23, 2015 motion to reduce sentence is denied.

**SO ORDERED**.

August 11, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[*]The court has received, however, letters of support from McAleer's mother and daughter.